UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTAL GORTAT, Individually and as heir to an on behalf of the Estate of Stephen Gortat, Deceased, and as Next Friend of Morgan Gortat, a minor, and Zakary Gortat, a minor; RALPH GORTAT; PAMELA HUTCHINS,<br><br>Plaintiffs,<br><br>v.<br><br>MYLAN, INC.; MYLAN PHARMACEUTICALS INC.; MYLAN TECHNOLOGIES, INC,<br><br>Defendants. | Civil No.   10-cv-1103-BTM (POR)<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO QUASH**<br><br>**[Document No. 2]** |

On May 20, 2010, Plaintiffs filed a Motion to Quash the subpoena of Ray D. Gary.  (Doc. 2.)  On June 11, 2010, Defendants' filed a Response in Opposition.  (Doc. 4.)  On June 16, 2010, Plaintiffs filed a Reply.  (Doc. 5.)

Plaintiffs are individuals in wrongful death, product liability lawsuits pending in three distinct federal district courts.  The cases arise from the deaths of decedents Stephen Gortat, Joseph LaPaglia, and Linda Burrell as a result of their use of allegedly defective fentanyl pain patches designed by Defendants.  In each lawsuit, Plaintiffs have named Dr. Iain M. McIntyre as a testifying expert on issues relating to forensic toxicology.  On May 7, 2010, Defendants served a subpoena on a non-party witness, Ray D. Gary, seeking his deposition.  Mr. Gary assisted Dr. McIntyre in a study comparing fentanyl levels found in peripheral blood samples with fentanyl liver levels in persons whose autopsies have been performed by the San Diego Medical Examiner's Office.  (Doc. 2-1 at

5.) Although the study does not involve the autopsies of any of the decedents whose deaths are at issue in these lawsuits, the study appears to be a basis of Dr. McIntyre's expertise.

Plaintiffs contend Mr. Gary has no knowledge of any facts relevant to the issues in this lawsuit because he did not measure the fentanyl levels of any of the decedents whose deaths are at issue. (Doc. 2-1 at 4.) Rather, Plaintiffs contend Mr. Gary has expert opinions regarding issues related to postmortem distribution of fentanyl that are based on his education, training and experience. (Id.) Thus, Plaintiffs contend the proposed testimony of Mr. Gary would be expert testimony precluded by Federal Rule of Civil Procedure 45(c)(3)(B)(ii) and should therefore be quashed. (Doc. 2-1 at 7-13.)

Defendants contend Mr. Gary is a percipient witness, not an expert, who will be called to testify about his observations and procedures when he assisted Dr. McIntyre in a study of fentanyl levels. Defendants state they *will not* ask Mr. Gary to give opinion testimony. (Doc. 4 at 11.) Second, Defendants assert the factors identified by the Courts as relevant to assessing whether Rule 45(c)(3)(B)(ii) should bar testimony weigh in favor of permitting Mr. Gary's deposition. (Id. at 3.) Third, Defendants contend Plaintiffs lack standing to quash the subpoena. (Id.) Further, Defendants are willing to compensate Mr. Gary at a reasonable rate for his time spent in this deposition. (Id. at 10.)

FRCP 45(c)(3)(B)(ii) permits a Court to quash a subpoena if it requires "disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party."

Upon a thorough review of the parties' papers, and in light of the fact Defendants seek Mr. Gary's deposition for factual testimony rather than expert testimony, IT IS HEREBY ORDERED:

1. The Court hereby DENIES Plaintiffs' Motion to Quash. However, questions directed to and the documents sought from Mr. Gary, a percipient witness, shall relate solely to the techniques, practices and procedures which he and Mr. McIntyre employed in researching the post-mortem redistribution of fentanyl.

//

//

2. If an issue arises during the deposition of Mr. Gary, the parties shall comply with the practices of the Southern District of California. The parties shall meet and confer, and if the issue remains unresolved, the parties shall contact the Court by phone to receive an immediate ruling.

**IT IS SO ORDERED.**

DATED: June 18, 2010

LOUISA S PORTER
United States Magistrate Judge

cc: The Honorable Barry T. Moskowitz
All parties